OPINION
Stephen J. Lunsford appeals from a judgment of the Montgomery County Court of Common Pleas which convicted him of two counts of gross sexual imposition and sentenced him to one year of incarceration.
Lunsford was indicted on August 30, 1999 for one count of rape in violation of R.C. 2907.02(A)(2), one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The allegations related to Lunsford's actions with two minor females. On April 3, 2000, Lunsford pled guilty to the two counts of gross sexual imposition and the count of rape was dismissed.
On May 25, 2000, the trial court sentenced Lunsford to six months of incarceration for the count of gross sexual imposition in violation of R.C. 2907.05(A)(1) and one year of incarceration for the count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The sentences were ordered to be served concurrently. The trial court also found Lunsford to be a sexually oriented offender.
Lunsford now appeals his conviction and sentence. He raises a single assignment of error.
 THE TRIAL COURT IMPROPERLY ALLOWED THE VICTIM IMPACT STATEMENT WITHOUT MAKING AVAILABLE THE STATEMENT TO THE DEFENDANT OR HIS ATTORNEY PRIOR TO SENTENCING.
Lunsford argues that the trial court improperly allowed the victim advocate to read a victim impact statement during the sentencing hearing without making such statement available to him prior to his sentencing.
Lunsford's argument seems to confuse two distinct statutes, R.C. 2947.051
and R.C. 2930.14. He cites "R.C. 2947.05(1)" in his appellate brief, but no such statute exists. We believe that he intended to cite R.C. 2947.051. It appears to us, however, that the victim advocate's statement about which he complains was made pursuant to R.C. 2930.14. Thus, we will discuss his argument under both statutes.
R.C. 2947.051(A) states, "[i]n all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused * * * or created a risk of physical harm to the victim * * *, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement by the department of probation" and "shall consider the victim impact statement in determining the sentence to be imposed upon the offender." The record reveals that a "VICTIM IMPACT STATEMENT" for each of the victims was prepared and was included in the pre-sentence investigation report in this case. The victim advocate's statement at the sentencing hearing did not relate to the language in her victim's "VICTIM IMPACT STATEMENT." Thus, it appears that R.C. 2947.051 is not applicable to Lunsford's argument regarding the victim advocate's statement. Further, even if that statute was applicable, R.C. 2947.051(C) requires that the victim impact statement be kept confidential and states, "the court may furnish copies of the statement to * * * the defendant [and] the defendant's counsel" prior to sentencing. (Emphasis added.) Thus, the trial court would not have been required, pursuant to R.C. 2947.051, to give Lunsford copies of the statement.
R.C. 2930.14 requires that the trial court allow the victim of a crime to make a statement at the sentencing hearing before the offender is sentenced. If the victim is a minor, she can choose another person to serve as her victim's representative and to make her statement. See R.C.2930.02(A). At the sentencing hearing, the trial court asked the defendant and his counsel if they wished to say anything. The court then asked the prosecutor if he wished to say anything, and he stated that the victim advocate wished to speak on behalf of one of the victims. In her statement, the victim advocate explained that although the victim and her family were not present, they wanted the court to know that "they were very interested in the case" and hoped the court would "do the just thing." She stated that the victim was struggling to learn to trust again. She also said that the victim hoped that Lunsford understood that he needed to "learn how to draw the boundaries." Because the victim advocate's statement was made at the sentencing hearing and did not relate to the language in the "VICTIM IMPACT STATEMENT," it appears to us that the victim advocate's statement was given pursuant to R.C. 2930.14. When a victim or her representative makes a statement prior to the defendant's sentencing, "[t]he court may give copies" of such statement to the defendant and his counsel. (Emphasis added.) R.C. 2930.14. Thus, the trial court was not required to give copies of the victim advocate's statement to the defendant and his counsel prior to his sentencing.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
 _______________ WOLFF, P. J.
BROGAN, J. and YOUNG, J., concur.